BROWN, APPELLEE, *v.* WOLFSON, APPELLANT.

(No. 8557—Decided March 9, 1959.)

*Messrs. Simpson, Droder & Jacobs,* for appellee.
*Messrs. Schear & Klein,* for appellant.

LONG, J.   This is an appeal on questions of law from the Municipal Court of Cincinnati.   The facts briefly stated are that, on September 14, 1958, the defendant Wolfson rented an apartment to plaintiff Brown for $75, the term to begin September 21, 1958, and ending October 21, 1958.   The tenancy was from month to month.   On the same day that the contract was consummated, Brown learned that he was being transferred in his position and wanted to rescind his contract of rental.   He offered to return the keys to the apartment for the return of the $75 rental which he had given Mrs. Wolfson.   Mrs. Wolfson refused to accept his proposition of rescission.   In the opinion of this court, the contract of rental with plaintiff, therefore,

remained in full force and effect, and Mrs. Wolfson had no right to rerent the apartment to a new tenant, who took possession on September 21, the date when the rental agreement with plaintiff was to commence, thereby destroying completely plaintiff's leasehold.

There is no question that if defendant Wolfson had not rented the apartment for the term beginning September 21 and ending October 21, she could have retained plaintiff's $75; but, having rerented to some one else for the same period, she interfered with plaintiff's right to possession and should return his $75. Defendant was not required to rent to anyone else for the period from September 21 to October 21. She could have insisted on performance of the contract of rental by plaintiff and rented the apartment after October 21. She did not elect to do this. She rented the apartment on less attractive terms to the new tenant, and now seeks to hold plaintiff responsible. This we do not think she can do.

Finding no error in the record prejudicial to appellant, we affirm the judgment of the Municipal Court of Cincinnati.

*Judgment affirmed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.